Good morning, Judges Collins, Lee, and Personnel, and may it please the Court. My name is James Azadian and I represent Appellants, Defendants Below, Harley-Davidson, Inc., Harley-Davidson Motor Company, Inc., and Harley-Davidson Motor Company Operations, Inc. Is the panel able to hear me okay? Yes. Yes. I will proceed. This Court should reverse the District Court's order remanding this Catholic case to the State Court based on the correct standard for determining how a removing defendant satisfies the burden, insufficiently showing the amount of punitive damages at stake. The question for this Court to resolve is this. When a plaintiff requests punitive damages and alleges a statutory and factual basis for recovering them, what is a removing defendant's burden of proving the amount of punitive damages at stake if the plaintiff or the District Court facially challenges the defendant's allegations in the notice of removal and, more specifically, did Harley-Davidson satisfy that burden here? This Court has observed Congress enacted CAFA with the intent to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications. Consistent with that intent, this Court should join its sister circuits in holding that a CAFA removing defendant's burden may be satisfied by pointing to prior cases that provide a basis for showing the reasonableness of the assumptions that the defendant has drawn to support its amount controversy figure exceeding $5 million. What that means is allowing the amount of punitive damages at stake to be shown by objectively identifying prior cases involving the same or similar state law causes of action supporting a reasonable, legally permissible multiplier of the alleged compensatory damages at stake. Under this rule, there is no genuine dispute that the District Court with four prior cases, including a California Court of Appeal decision, involving awards of punitive damages, three of which involve the same causes of action alleged here, and one of which, as I mentioned, was an actual Court of Appeal decision on the CLRA and fraud claims. The multipliers from those cases range from 2 to 11. This satisfied Harley-Davidson's showing the reasonableness of using a 1 to 1 or even a 2 to 1 conservative ratio of punitive to compensatory damages. After all, if another CLRA or fraud plaintiff was able to obtain an award of punitive damages two or more times the amount of compensatory damages, that suggests that it is reasonably possible that punitive damages in a similar ratio could be recovered here. And again, the proper jurisdictional inquiry is one of reasonable possibility and maximum exposure. The inquiry is not about... What do we do about the China Agritech issue? Because the complaint made clear on its face that there had been a prior class action and invoked tolling as to Plaintiff Green, but we know from China Agritech that you can't apply it, tolling class-wide. So, wasn't that apparent on the face of the complaint that that was going to limit the availability of damages and punitive damages? No, Your Honor. In fact, the upshot of China Agritech... First of all, I would answer the question by saying that no, that would be inappropriate as the court in Arias and in geographic expeditions the Ninth Circuit has held. That would smuggle in the merits inquiry into the jurisdictional inquiry. And let's assume that that could still happen and you can smuggle in the statute of limitations merits inquiry here at the jurisdictional stage. The upshot of China Agritech is that an individual whose Well, doesn't that mean that Mr. Green cannot file any CLRA and fraud class claims? Absolutely not. As Mr. Green concedes on appeal, more than half of the class period falls within the three year limitations period for CLRA and fraud claims. So, they would be timely if there is no tolling. China Agritech involved a different situation. In that case, it was undisputed that the claims of the entire putative class for the entire class period were time-barred unless tolling applied. The court in China Agritech said that the putative class representatives could not file a new class action where the class claims were time-barred. And that's at 138 Supreme Court, page 1806. Here again, a substantial chunk of the class claims are within the limitations period. At most, China Agritech may post some hurdles to Mr. Green being found to be an adequate class representative. But that is an issue for another day, not presented in this appeal, not presented in this litigation yet, and has nothing to do with the jurisdictional inquiry. Under the rule that there is no genuine dispute that under the rule that we espouse, there is no genuine dispute that Harley-Davidson satisfied its burden. Uh, the erroneous and onerous standard applied by the district court would allow it to reject virtually any showing by removing defendant, even if unrebutted by any counter evidence, as is the case here. The district court could simply conclude that the defendant has not proven that the facts of the case are sufficiently analogous to a prior case in which putative damages were awarded. That's what the district court did here. But a standard... But is it enough to just show one case has shown that putative damages met a certain ratio? I mean, the defendant does have the preponderance of evidence burden. Is that enough to just show one case under your proposed standard? Your Honor, it depends on the case. But in this case, if we were to, for example, just provide the Angel decision, the Court of Appeal decision, or one of the prior verdicts, we would have still been able to make the reasonable assumptions that Arias and Ibarra have compelled defendants to make in order to assess the amount in controversy, which is a possible maximum exposure. So the answer would be it really depends on the showing. Now, what's interesting about your question, Judge Lee, is it kind of gets to the standard of review. And I wondered about whether the court would be thinking about the standard of review in this case. I know that it's a de novo standard, and we know that the cases hold Ibarra, La Crosse, Fritch, Arias, and Serrano all apply the de novo review standard to the question of the amount controversy under CAFA. And when you look to the district court's decision in the context of what the parties presented to the court, there's no question here that there were no factual findings made by the district court. In fact, if you look at the district court's decision, that's volume can point to. And I looked at this from the perspective of Mr. Green, and I thought, well, let me see what I can find here in terms of a factual finding made by the district court. And that wasn't. A de novo standard review of this context is consistent with the de novo review used in summary judgment cases, and which Arias held to be apropos most recently. Green cites, however, two non-CAFA cases, opaquely stating that factual determinations are reviewed for clear error, and one case stating in dicta that some aspect of the amount of controversy requirement is reviewed for clear error. That a close review of those cases show that they are ambiguous on the specific point relevant here, and that they rely on precedent unrelated at all, untethered to the amount of controversy requirement. This court's sister circuits uniformly apply the de novo standard review to the question of the amount of controversy under CAFA. And that is the same standard that should apply in this case. The same one adopted by Ibarra, La Crosse, Fritch, and Arias. Those are Ninth Circuit decisions. I also really like the McDaniel case in the Eleventh Circuit. And I'll tell you why I'm noting McDaniel. It's because it arose from Judge Presnell's courtroom. And what I love about that case is that the Eleventh Circuit said that we are reviewing these issues de novo. It applied the same standard that we are advocating for here, the very same standard that the sister circuits, all of the sister circuits to address the issue have adopted in this CAFA context of showing amount of punitive damages at stake. Now, there are certain problems that are created by the district courts going. The erroneous and onerous standard applied by the district court would allow it to reject virtually any showing by a removing defendant, even if unrebutted by any counter evidence, as is the case here. And in Keeling, what the Seventh Circuit said in Keeling and what the Eighth Circuit has adopted from that decision is that it would be to smuggle the merits into the jurisdictional inquiry if the trial court were to say, look at what the potential, the likelihood of recovery might be. And that's exactly what the district court did here. Now, as we must, we start, and I realize that I have about four minutes on the clock. I just want to make one more point before I reserve the rest of my time for rebuttal. As we must, we start with the statute. And because the statute itself, CAFA, governs federal subject matter jurisdiction in these cases, this court should look to the application of that statute to determine whether the allocated burden of proof comports with the jurisdictional scheme of CAFA. The district court's rationale does not because it superficially pays homage to, but in application ignores Darke Cherokee's holding that quote, no anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. And as Argus recently pointed out, this court pointed out that anti-removal presumption continues to persist in certain district court decisions. And this court published an aria, I think, as expressly stated, to start the trend in getting away from actually, not just start the trend, but send a very loud pronouncement that that anti-removal presumption does not adhere in CAFA cases. And I'd like to reserve the rest of my time for rebuttal unless the panel has any other questions at this time. Thank you, counsel. We'll hear now from Mr. Hislop, did I pronounce that correctly? Yes, your honor, Ross Hislop for Mr. Green. Thank you. May it please the court, your honors. Good morning. There are six issues that I would like to touch upon time permitting. The first is the standard of review. Second is presumptive ratios and percentages. Third, statute of limitation issues and reasonable assumptions. Fourth, attorney's fees and use of load star calculations. Fifth, preponderance of the evidence standard. And sixth, Harley's other circuit ratio cases. With respect to the standard of review, we have argued in our brief that the clear error standard applies here. The district court held that the defendant had not met its burden of proof. Harley-Davidson says the de novo standard applies, but we say that's wrong because the clear error of the standard applies where the question is whether the party has met its burden of proof. And on that, we cited Watkins v. Vital Pharmaceuticals, a Ninth Circuit case in 2013. There are other cases on that as well. But as the court's website indicates, under the clear error standard, it's a significantly deferential standard of review. It requires a definite and district court's account of the evidence is plausible and by the entire record, then the court of appeal may not reverse. Even if the court of appeal would weigh the evidence differently. Harley-Davidson does not make a case for a clear error standard, and there isn't one to be made either. Setting aside the admissibility issues and Green's objections, Harley-Davidson didn't factually analogize its supposedly analogous cases at all, either in the district court or on appeal. There's no discussion at all by Harley-Davidson in the district court or here how its alleged verdicts in other cases are factually analogous. As a practical matter, how do you compare a case that's been adjudicated on the merits with evidence and a case of the pleading stage? I mean, in a fraud case where there's no physical injury, typically you would award punitive damage as a jury if there's been, for example, a smoking gun or evidence of egregious conduct. You're not going to have that at the pleading stage. The punitive damages ratio will depend on the amount of compensatory damages. The Supreme Court has said if you have a lower compensatory amount, you could award higher punitive damage. You don't know that at the pleading stage. So I don't know as a practical matter how you can compare a case that's been tried with discovery, with evidence, and then with something at the pleading stage. I think the answer to that, Your Honor, is you simply look at what's been alleged in the pleadings and how it compares to what's been alleged and proven in those other cases. And courts have routinely done that kind of analysis in many other cases. This analogous case concept has been used successfully for many years and defendants have actually met that burden before. But at the pleading stage, you're not going to, I hope not, attorneys aren't going to allege that the smoking gun evidence of fraud is intentional. I think those things, unless you have some basis to allege something like that. So again, I don't know how you can compare that. Again, to warrant punitive damage or something egregious has to be out there, you're not going to allege that in a complaint unless you already have that. In most cases, you're not going to have that prior to discovery. Well, I mean, it's case specific for sure. But it all gets down to the reprehensibility issues and the degree of blameworthiness and the amount of punitive damages. Depending on the conduct alleged, you're looking at the sliding scale and you're comparing that to other cases in which the court summarized the allegations of a case and what's been proven. But I think that gets to my next point that I want to make, which is this issue of presumptive ratios and percentages. And I think the answer on that is found very clearly in the Fritch versus Swift transportation case decided simply two years ago by the Ninth Circuit. And I think it's key for two of Harley-Davidson's arguments on the presumptive ratio that they want to apply for punitive damages and the presumptive percentage that they also want to apply for attorney's fees. In the Fritch case, the defendant argued for a presumption of attorney's fees at 25 percent based on a common fund theory, even though fees were based on fee shifting, not free fee spreading. So on that issue, the Ninth Circuit said, and I'm going to quote here because I think this is so key to multiple aspects of the case. Swift argues that this per se rule is appropriate because in common fund cases, we have estimated reasonable attorney's fees to be 25 of the total recovery. Such a per se equitable rule is inapplicable in this context, however. As we've already explained, the defendant must prove the amount of attorney's fees at stake by a preponderance of the evidence. We may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation. But here, Harley-Davidson is arguing for a presumptive ratio of compensatory to punitive damages and for a per se 25 percent attorney's fees based on a compensatory and punitive damages award. But essentially what Harley-Davidson is arguing is that they ought to be relieved of its evidentiary burden on both of those questions, which Fritch says just two years ago is completely impermissible. In Harley-Davidson's reply brief on page five, they say the potential exposure for calculation. But that's exactly what they want to apply. And numerous cases cited in our reply brief, they talk about how punitive damages ratios are essentially sliding scales depending on reprehensibility, not blameworthiness, and they're not capable of simple mathematical formulas. And those same cases and concepts justify the analogous case standard, which as I understand is the amount in controversy. Is it your contention it's unreasonable to assume that a plaintiff who asks for punitive damages is not asking for at least a one-to-one ratio? Well, it's clear that the defendant can't be relieved of its burden. We had one reference in the complaint to punitive damages. Other than that, there's no reference at all in the allegations of the complaints or reprehensible conduct or blameworthiness or that this is outrageous or oppressive conduct. They're basically seizing on one word in a prayer that we see punitive damages on a civil right case. But you did say California can be based under 3294, which you did invoke, can be based on fraud, and you detail fraudulent conduct in the complaint, correct? That's correct. But on this issue, I think... District Court should have concluded that you were not asking for even one-to-one. It should have been less, a lower ratio than one-to-one? Well, on this issue, I think what the next question is really looking at is which class members are actually eligible to obtain punitive damages. Is there anything on the face of the complaint that says that you were not asking for class certification on the CLRA and fraud claims with respect to punitive damages? It seems to... I'm sorry, I didn't... It seems to say on the face of the complaint that you were asking for class certification across all the claims, including the CLRA and fraud claims, and which were the ones with the punitive prayer. Certainly, that is true that we are asking for class certification. But the certification, the class we're seeking to certify is June 11, 2015 to August 22, 2017, based on a case filing date of June 11, 2019. And simply because we're... Even if we're able to obtain... Your Honor, it looks like you had a question. Sorry. Are you saying that the reader of the complaint should have construed it as actually asking for a shorter period? Because even though you asked for the longer period, everyone knows it'd be a statute of limitations, so it really should be construed as now you asked for the larger period. That's what's in controversy, isn't it? Well, Your Honor, we can't... It's legally impossible for us to obtain punitive damages for those people who have no fraud or CLRA claim because their claims are time-barred. So if Harley-Davidson is asking for a one-to-one ratio and they're assuming... Maybe you should have written your complaint with an hour period and not put that in controversy. But we don't resolve the merits of this. We just... What is in controversy? And you put in controversy the whole period. Didn't you? Well, to that, Your Honor, I would provide the court with an analogy. And the I'm sure the court sees. And it alleges a four-year class period. And that complaint contains numerous wage and hour allegations. It has a UCL claim, unfair competition claim, has a waiting time penalty claim, and it has a PAGA claim. Now, we know that waiting time penalty claims are under Labor Code Section 203, and they provide for 30 days wages for where the employer has not paid wages that were due to people who were discharged or quit. And a PAGA claim, under the Private Attorney General's Act, Labor Code Section 2699, allows for penalties. And that's subject to a one-year statute of limitations under CCP Section 340B. Well, if a removing defendant assumed under that kind of a scenario, as part of their removal calculations, and simply because a plaintiff sought certification of a four-year class, that PAGA penalties should be calculated based on a four-year period, we would say, in response to that, that is an unreasonable assumption because it's very clear from the law that you only get PAGA penalties for one-year period of time. Similarly, if that removing defendant assumed, as part of its removal calculations, that because the plaintiff sought certification of a four-year class, that waiting time penalties apply to all employees, for example, not just to those who are discharged or quit, or that they used a longer period of time than 30 days wages, that again would be an unreasonable assumption. And the issue comes up as well in the assumed violation rates cases, where the assumption is made by the defendant that the violation rate on these cases is 100%. We've got the Arias case, the Ibarra case, the Dobbs case, those are all cited in our briefs. And again, that goes back to, you look at the statute of limitations in terms of the reach of the potential recovery. And here, the reach of the potential recovery extends back only to June 11, 2016, on the only two causes of action in which we've alleged punitive damages. And we're not able to recover, or we wouldn't be able to recover, it's legally impossible to recover punitive damages for those people who purchased between June 11, 2015 and June 11, 2016. So to the extent that Harley-Davidson is saying, well, a one-to-one ratio is reasonable and ought to be applied, but they're also assuming that all of those people are eligible to recover punitive damages, well, that's just, again, it's an unreasonable assumption and the court has held that that is not permissible. And I hope I answered your Honor's questions on that. I would like to discuss, I know the time is short, I'd like to discuss the attorney's fees and the use of Lodestar calculations. Now, Harley-Davidson admittedly never provided a Lodestar calculation or any kind of analysis for the district court, but on reply, they attempted to backfill into one. Now, these arguments were never presented to the district court, and they're therefore waived or forfeited. But again, the definitive answer is found in the Fritch case, where the defendant tried the same tactic, wanted to apply a 25% benchmark as if it were a common fund case, even though it was a fee-shifting case, and the Ninth Circuit said, no, that's not possible. You have to prove the amount of attorney's fees at stake by a preponderance of the evidence, and we can't relieve the defendant of its evidentiary burden by adopting a per se rule. The next issue I'd like to discuss briefly is the preponderance of the evidence standard. Now, that derives from 28 U.S.C. 1446 C.2.B., as we indicated in our briefs. Along with the complaint and any allegations of the removal petition, the authorities indicate that some re-judgment type evidence ought to be submitted. Now, Harley-Davidson apparently argues that the preponderance standard only applies when both sides submit evidence, but 28 U.S.C. 1446 C.2.B. uses a preponderance standard no matter who submits evidence. There's no exemption if the plaintiff submits no evidence, and we've made the analogy to the summer judgment statute, which basically doesn't apply any burden at all to the non-moving party who has no obligation to produce any evidence at all if the moving party on the summary judgment motion fails to carry its initial burden of production. So, whether or not the plaintiff submits any evidence, the district court must still decide whether the removing defendant's evidence is more likely than not to carry the day that more than $5 million is at issue. And so, if the only evidence they've submitted is either inadmissible or insufficient to carry its burden of proof, as we've said here, then its burden of proof fails the preponderance of evidence standard, the same as on summary judgment. On that, I would submit your honors. Thank you, unless you have any questions. Thank you, counsel. I hear a rebuttal argument from Mr. Azzedian. Thank you, your honor. Can you hear me okay? Thank you. I wanted to just clarify a couple of points that have just been addressed. I want to start by dispelling the notion suggested by Mr. Green's counsel about what we are arguing. Harley Davidson is not presumptive ratio or any per se percentage. Our proposed rule, the one that has been adopted by the sister circuit, is not one of any presumptive amount. Again, our proposed rule is the same as that applied in every other circuit to address the issue, which is to allow the reasonableness of a ratio to be shown by pointing to prior cases. And what that means is that the prior case must involve the same or similar cost of action asserted in the present case to show the reasonable possible exposure on punitive damages. Likewise, our estimate of the amount of attorney's fees and controversy is based on our showing from prior cases. No presumptive percentage is suggested. I also want to clarify in the time remaining, the reading of switch that was just mentioned a minute ago. There are four key takeaways from Fritch. One is that the amount of controversy question is reviewed in OVA. The second is that in the assessment of the amount of controversy, the court assumes the plaintiff will succeed in the action. The third is that the amount of controversy includes compensatory, punitive and other forms of damages as well as attorney's fees recoverable under fee shifting statutes. Fourth, the possibility of an early settlement resulting in an avoidance of fees is irrelevant in the assessment of attorney's fees at stake. The quote that I think is very important and what I did not hear in the presentation a moment ago from Fritch is, the Ninth Circuit says, when we assess the amount of controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. Accordingly, if the law entitles the plaintiff to future attorney's fees if the action succeeds, then there is no question that future attorney's fees are at stake in the litigation. Now, in this case, we have heard a little bit about attorney's fees. Of course, attorney's fees become irrelevant here if just the basic multiplier of 2 to 1, which is the threshold showing that we made in the district court, is adopted. But here the trial court did adopt the calculation of attorney's fees that Harley Davidson presented. An item supporting, and I see I'm over my time, I'm just going to refer the court to item 19-1 in the district court docket. And that is a declaration, Mr. Hislop, which shows the low drug calculation here and which actually brings it to well over 35 percent. Okay, thank you, counsel. You've exceeded your time. All right, the case will be submitted. I thank, we thank counsel, both counsel, for their helpful arguments this morning and especially under these unusual circumstances. This court for this session stands adjourned.
judges: Collins, Lee, Presnell